MEMORANDUM
ADKINS, J.
Henry Leitson owned a business conducted under the name Southern Bar-B-Que. Plaintiff issued a Workmen’s Compensation insurance policy insuring Southern Bar-B-Que, an individual.
In March, 1934, Leitson sold the business to Peck, who operated it under the same name. A formal agreement dated March 20 was signed March 26 or 27 by the vendor and his wife and by the vendee. All three were at the place on the night of Saturday, March 24, when the injury to Bolton, an employee, occurred, as a result of which Bolton lost about $90 pay.
The Deputy Commissioner found that Peck took over the business on the date of the injury and prior to its occurrence, and became the managing operator, but did not find what individual was the employer at the time of the injury.
The insurance policy provides that no change of interest *199 or assignment shall be binding on the company unless its consent be obtained in writing. This was not obtained.
The Deputy Commissioner held as matter of law that since the policy was issued to the Southern Bar-B-Que it continued in favor of whoever operated the business under that name.
In my opinion the policy was issued to an individual, Leitson, and protected no one else until written consent of the company to an assignment had been obtained.
I think the case should be remanded to the Deputy Commissioner for a specific finding as to what individual was Bolton’s employer at the time the injury was suffered by him. See Del Vecchio v. Bowers, 62 App. D. C. 327. It seems to me the case depends on this question.
I think an injunction pendente lite should be granted. The period of disability has ended and the amount to be paid is determined.